## Bill Garrett v. The State.

### No. 3468. Decided January 24, 1906.

**1.—Disturbing the peace—Evidence.**

Where upon a trial for disturbing the peace, the defendant claimed that he was drunk at the time and thought that he was at a different house than the one in which he disturbed the inmates, there was no error in admitting the testimony for the State that defendant came upon the gallery of the prosecutor and disturbed his wife and children in his absence by rattling the door, undertaking to get into the house, and stating that he desired to get in and kill every one of them.

**2.—Same—Confession—Warning of Defendant.**

Where upon trial for disturbing the peace, the warning of the officer upon which defendant's confession was predicated, was in the usual form, with the exception of the use of the word might instead of would—the officer telling defendant that any statement that he might make *might* be used against him, but not for him, there was no error, especially as the confession was beneficial to the defendant.

**3.—Same—Requested Charge Refused—Mistake of Fact.**

On a trial for disturbing the peace, where the defendant's theory was a mistake, in going to the house in which he disturbed the inmates, his intentions being to go to another house upon a peaceful errand, there was no error in refusing defendant's special charge that if he went to the house in which he disturbed the inmates by the use of loud and vociferous language by mistake, thinking it was the house of another, and that such conduct on his part would not have been reasonably calculated to disturb the inhabitants of said last named house,

to acquit; and it would make no difference, if the disturbance in fact took place, at what house he thought it was.

**4.—Same—Charge Refused—Circumstantial Evidence.**

Where upon a trial for disturbing the peace, the testimony of the disturbance by the defendant was direct and positive, and he was arrested at the house, and admitted his presence and that he was the party who did the talking, but claimed it was not of such character as would disturb; there was no error in refusing to submit a charge on circumstantial evidence.

Appeal from the County Court of Johnson. Tried below before Hon. J. B. Goldsmith.

Appeal from a conviction of disturbing the peace; penalty, a fine of $50.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

Howard Martin, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of disturbing the peace, and fined $50. The State's case is that appellant went to the house of Frank Worrell at night, Worrell being absent, though his wife and children as well as Mrs. Roberts and her children were there at the time; that appellant came upon the gallery, rattled the door and undertook to get into the house, and was refused admittance; and upon inquiry as to his mission, he stated that he desired to get into the house and kill every one of them—referring to the occupants. He was refused admittance, and the women and children undertook to escape through the back door, screamed, raised considerable noise, thus attracting the attention of the neighbors, who came and found appellant at the place. Appellant's theory is that he was instructed by his employer to see one Harry White, with the request that White should assist appellant and his employer the following day in removing some sand, and that en route home he went to the house of Worrell, thinking it was the house of White; and that he did not disturb the peace, and that he only rattled the door in order to call attention and inform White of his mission; and that he had not been at the place more than a minute until somebody came in, and he was arrested. Evidence was introduced showing appellant was drunk at the time of this trouble. We do not believe the exception to the introduction of this testimony is well taken; in fact, if appellant's theory is correct, that he thought he was at White's house, his drunken condition was beneficial to him, rendering the more probable the fact that he had made a mistake.

The officer arresting appellant testified to the following statement made while he (the officer) had appellant in charge under arrest, "That as I was bringing defendant to jail he repeatedly said to me, 'the old negro just made a mistake.'" We do not believe the exception taken to the warning testified by the officer is sound. It was in the usual form, with the exception of the use of the word "might" instead

of "would or could,"—the officer telling defendant that any statement he might make might be used against him but not for him. We believe the predicate was sufficient. We are further of the opinion that the statement of the old negro was rather beneficial than injurious to him. His theory was a mistake in going to the house of Worrell, when he intended to go to White's house. Special charge was asked to the effect that if appellant went to the house of Worrell, by mistake, thinking it was the house of White, and used loud and vociferous language, that such conduct on the part of defendant would not have been reasonably calculated to disturb the inhabitants of the house of White, and in that event they should acquit. We do not believe this charge presents the law of mistake properly, and being a misdemeanor, is not sufficient. Nor do we believe this charge embodied the correct idea of this case, even if it had been couched in appropriate language, under the article excusing an offense by reason of mistake. The State's theory makes it plain and the testimony is cogent to the effect that appellant did disturb the inhabitants at Worrell's; that he was boisterous and his language was loud and vociferous, conveying threats to kill the entire family. If this was true, it would make no difference, as we understand the law, that he went to Worrell's house instead of White's. The disturbance was emphatically and clearly proved under the State's case, and he could not justify the disturbance of Worrell's house because he intended to disturb White's family, and made a mistake as to the house. If, however, appellant's testimony was true, his conduct was not reasonably calculated to disturb anybody. His statement is to the effect that he went as a messenger from his employer to White to engage the services of White for the following day for his employer; that he walked upon the gallery, rattled the door, and upon inquiry from the inside as to who he was, he stated, "Excuse me, miss," and started away, and was suddenly arrested. If these are the facts, it would not be a violation of the law whether at Worrell's or White's.

Appellant requested a charge in writing presenting the issue of circumstantial evidence. We do not believe this issue is in the case. The testimony is direct and positive. Appellant was arrested at the house, and he admitted his presence and that he was the party who did the talking, but claimed it was not such character as would disturb.

As presented by the record we do not believe there is any such error as requires a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*